IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WILLIE B. THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 14-439 |
| | ) | Judge Nora Barry Fischer |
| CHRISTIAN H. BUHL LEGACY TRUST, SANDRA GLOVER, Sharon Regional, RAYMOND GREENE, Sharon Regional, and CAROL NOVELLI, Sharon Regional, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The present action involves a purported claim of age and discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, brought *pro se* by Willie B. Thomas ("Plaintiff") against the Christian H. Buhl Legacy Trust ("the Trust"),[1] Sandra Glover, Raymond Greene, and Carol Novelli (collectively, "Defendants").[2]

I.  PROCEDURAL HISTORY

Plaintiff filed a motion to proceed *in forma pauperis* on April 4, 2014. (Docket No. 1). On April 8, 2014, the Court granted same. (Docket No. 2). On June 6, 2014, Defendants moved to dismiss Plaintiff's first complaint. (Docket No. 9). The Court entered an Order on Motions Practice on the same day. (Docket No. 11). On July 8, 2014, the Court issued a Show Cause Order, requiring

---

[1] The action was initially filed against Sharon Regional Health System ("Sharon"). (Docket No. 3). On April 1, 2014, Sharon transferred substantially all of its operating assets to affiliates of CHS/Community Health Systems, Inc. (Docket No. 23 at pp. 1–2). On November 3, 2014, Defendants moved to amend the caption, replacing Sharon with the Trust. (Docket No. 32). The Court granted said Motion on the same day. (Docket No. 33).
[2] The action initially named a "Doris" as a Defendant. (Docket No. 3). On April 21, 2014, "Doris" was dismissed on consent of Plaintiff. (Docket Nos. 5, 6).

1

Plaintiff to show good cause why the matter should not be dismissed for failure to respond to Defendants' Motion to Dismiss in the time required by the Order on Motions Practice. (Docket No. 16). Plaintiff timely responded to same. (Docket No. 17). In light of his response, the Court denied Defendants' First Motion to Dismiss and ordered Plaintiff to file a First Amended Complaint. (Docket No. 18).

On August 15, 2014, Plaintiff filed a "Supplemental Response," (Docket No. 19), which the Court construed as his First Amended Complaint, (Docket No. 20). Defendants moved to dismiss said First Amended Complaint. (Docket No. 22). Plaintiff again failed to file a response within the time limit established in the Order on Motions Practice, (Docket No. 11), and the Court issued a second Show Cause Order, (Docket No. 24). He timely filed a response thereto. (Docket No. 25). On October 15, 2014, the Court ordered a hearing on Defendants' Motion occur. (Docket No. 26). Based on Plaintiff's claim of financial hardship, he was granted leave to attend same via telephone. (Docket No. 28).

At that hearing, on October 29, 2014, the Court took great care in explaining to Plaintiff the pleading standard necessary to overcome a Motion to Dismiss in the Federal system. (*See, e.g.*, Docket No. 37 at 31:3–16). Based on the representations Plaintiff made at this hearing, the Court denied Defendants' Second Motion to Dismiss and granted Plaintiff leave to file a Second Amended Complaint. (Docket No. 30). In that Order, the Court required Plaintiff to include in said Complaint "detailed factual averments consistent with the Court's direction at the Motion Hearing." (*Id.*).

Plaintiff filed his Second Amended Complaint on December 5, 2014. (Docket No. 34). On December 23, 2014, Defendants filed their third Motion to Dismiss. (Docket No. 35). The Court issued yet another Show Cause Order on January 20, 2015, for Plaintiff's failure to timely respond to

Defendant's Motion. (Docket No. 38). On February 3, 2015, Plaintiff responded to the Show Cause Order. (Docket No. 39).

II.     RELEVANT FACTUAL BACKGROUND

The operative complaint in this case it Plaintiff's Second Amended Complaint. (Docket No. 34). In this Complaint, Plaintiff alleges race and age discrimination stemming from three applications for employment with Sharon.[3] Subsequent to his submission of the final application, on February 6, 2013, Plaintiff alleges that he spoke with various employees of Sharon, including all named individual Defendants. Plaintiff supports his age discrimination claim with an allegation that age was a factor in the hiring process at Sharon because three younger women[4] with whom he worked at McDonald's were hired by Sharon. (*Id.* at 2–3).

III.    LEGAL STANDARDS

   a.   *Failure to State a Claim Under FED.R.CIV.P. 12(b)(6)*

A motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) challenges the legal sufficiency of a complaint. The United States Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations and must draw all

---

[3] The first two applications were filed on October 30, 2007 and July 25, 2011. (Docket No. 34 at 1). In his response to the January 20, 2015 Show Cause Order, Plaintiff conceded that these two applications are beyond the statute of limitations and that "[r]elief should be . . . limited to the[e] period of [the] February 6, 2013 application." (Docket No. 39 at 3). Accordingly, on February 9, 2015, the Court granted Defendants' Motion to Dismiss as to all claims not arising under the February 6, 2013 application. (Docket No. 40).

[4] Plaintiff does not allege discrimination based on gender and even the most liberal reading of the entire record in this action does not cause the Court to believe he attempted to do so.

3

reasonable inferences therefrom in favor of the plaintiff. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. As the Supreme Court made clear in *Twombly*, however, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has subsequently broadened the scope of this requirement, stating that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

After *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a district court must conduct the following analysis to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 675, 679); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011), *cert. denied*, 132 S.Ct. 1861 (Apr. 2, 2012); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

*Twombly* and *Iqbal* have not changed the other pleading standards for a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6), and the requirements of FED.R.CIV.P. 8 must still be met. *See Burtch*, 662 F.3d at 220. Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal alterations, citations, and quotations omitted). The Supreme Court has explained that a complaint need not be "a model of the careful drafter's art" or "pin plaintiffs' claim for relief to a precise legal theory" so long as it states "a plausible 'short and plain' statement of the plaintiff's claim." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011); *see also Matrixx Initiatives, Inc. v. Siracusano*, 131 S.Ct. 1309, 1322 n.12 (2011) (emphasizing that "to survive a motion to dismiss, respondents need only allege 'enough facts to state a claim to relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 570)).

Further, "a *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle*, 429 U.S. at 106 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). *See also* FED.R.CIV.P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

In deciding a Rule 12(b)(6) motion to dismiss, the Court generally may consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). A court may, however, "look beyond the complaint to matters of public record, including

court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to either the [c]omplaint or the defendant's motion." *Spence v. Brownsville Area Sch. Dist.*, 2008 WL 2779079, at *3 (W.D. Pa. July 15, 2008) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993)).

      *b.*  *28 U.S.C. § 1915(e)(2)(B) – Mandatory Dismissal of Frivolous Complaints*

Pursuant to 28 U.S.C. § 1915 (as amended), federal courts are required to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, any claim that lacks arguable basis in fact or law. *Stackhouse v. Crocker*, 266 Fed. App'x 189, 190 (3d Cir. 2008) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also Banks v. Mozingo*, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009).

    *c.*  *Failure to Prosecute*

Rule 41(b) of the Federal Rules of Civil Procedure authorizes this Court to dismiss a plaintiff's case for failure to prosecute. FED. R. CIV. P. 41(b). In determining whether dismissal is warranted, this Court must consider the following factors: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney

6

was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). It is well-settled that, although a court must weigh each of the six factors, it is not necessary to find that all six factors are present prior to dismissing the action. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

    IV.    DISCUSSION

        a.    *Failure to State a Claim Under FED.R.CIV.P. 12(b)(6)*

            i.    <u>Age Discrimination in Employment Act</u>

The Age Discrimination in Employment Act ("ADEA") declares it "unlawful" for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of age discrimination based on a failure to hire, a plaintiff must show that: (1) he is forty years of age or older; "(2) the defendant failed to hire him; (3) he was qualified for the position in question; and (4) conditions giving rise to an inference of discrimination accompanied the failure to hire him." *Landmesser v. Hazleton Area Sch. Dist.*, 574 Fed.App'x 188, 189 (3d Cir. 2014) (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003)).

Of the four factors set forth above, Plaintiff pleads facts sufficient to prove only one: that the Defendant failed to hire him. (Docket No. 34). Plaintiff does not provide his age or allege that he is in the protected class of individuals at least forty years of age in his Second Amended Complaint. (*Id.*). While this flaw alone would be sufficient to dismiss Plaintiff's age discrimination claim, the Court notes that, at the hearing on Defendants' Second Motion to Dismiss, Plaintiff stated that he

was then fifty-eight years old. (Docket No. 37 at 22:18). However, the Second Amended Complaint remains inadequate, even if the Court incorporated that statement into it.

Construing the *pro se* Plaintiff's complaint liberally, at best he baldly asserts that he was qualified to work for Defendant. (*Id.* at 4). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan*, 478 U.S., 286) (alterations in original). Even though Plaintiff lists various diplomas and certificates of achievement and training,[5] he does not state for what position he applied or the qualifications necessary for performing said position. (*Id.* at 4–6) Accordingly, the pleading fails as to the third factor, as well. *Cf. Still v. Shinseki*, 2011 WL 2650180, at *4 (W.D.Pa. July 6, 2011) (McVerry, J.).

Finally, while Plaintiff contends that three younger women[6] were hired by Sharon, he does not indicate that they were hired for the same position for which Plaintiff applied. (Docket No. 34 at 2–3). Plaintiff also does not aver that these younger women were hired at approximately the same time as Defendant refused to hire him. As such, Plaintiff has alleged no circumstances giving rise to an inference that age discrimination accompanied the failure to hire him. Accordingly, the Second Amended Complaint does not satisfy the requirement of the fourth element of a *prima facie* ADEA claim. *See Still*, 2011 WL 2650180, at *4.

Given the foregoing holdings, Plaintiff's Second Amended Complaint fails to establish a *prima facie* case of age discrimination under the ADEA. Thus, this count must be dismissed.

---

[5] Aside from his GED, Plaintiff lists several certificates regarding ordination in a Christian ministry, unspecified certificates of achievement, and undefined job corps diplomas.
[6] These three women worked with Plaintiff at a McDonald's. (Docket No. 34 at 3). It appears uncontested that

ii. Title VII

To state a *prima facie* case of discrimination for failure to hire under Title VII, a plaintiff must show that: (1) he belongs to a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applications from persons of complainant's qualifications. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

The Second Amended Complaint can be fairly read to allege no more than that: Plaintiff is African-American; he applied for a job at Sharon; and was told he would not be considered for a job there. As discussed, *supra*, Plaintiff failed to allege for what position(s) he applied. Additionally, Plaintiff does not even aver that a position was open or that Sharon was seeking applicants for the position to which he applied at the time he applied. And, at best, the Second Amended Complaint baldly avers that he is qualified for this unnamed position. Again, this is a fatal defect. *Cf. Still*, 2011 WL 2650180, at *4. Thus, the Second Amended Complaint fails to allege facts sufficient to meet the second element of a Title VII claim.

Further, Plaintiff does not allege that any position for which he applied remained open and that Sharon continued to seek applications from persons of Plaintiff's qualifications. Even if Plaintiff's assertions regarding the three women that were allegedly hired are true, which the Court must assume at this juncture, Plaintiff claims they were hired *before* Plaintiff parted company with McDonald's. (Docket No. 34 at 8). Since there are no relevant factual assertions as to the fourth element, Plaintiff's Second Amended Complaint fails to plead a *prima facie* case of a Title VII

---

Plaintiff's employment at McDonald's was terminated prior to his 2013 application for employment with Sharon.

failure to hire claim, and it must be dismissed as to this count, as well.[7]

### iii. Leave to Amend

As indicated, the Court has ruled that Plaintiff's claims against Defendants are dismissed under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Third Circuit has held that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

The "grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment would be futile if "the complaint, as amended would fail to state a claim upon which relief could be granted." *Shane v. Fauger*, 213 F.3d 113 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Letig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane*, 213 F.3d at 115 (citing, *inter alia*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434).

The Court declines to grant Plaintiff another opportunity to amend. Plaintiff has twice amended his complaint in response to the Defendants' prior motions to dismiss. (Docket Nos. 19, 34). Before granting Plaintiff leave to file the currently-operative, Second Amended Complaint, the Court convened a hearing on Defendants' then-pending Second Motion to Dismiss. At that hearing, the Court discussed in painstaking detail the extent to which allegations in a complaint must rise in order to withstand a motion to dismiss pursuant to Rule 12(b)(6). (*See* Docket Nos. 29, 30, 37). In fact, the Court went so far as to Order production of the transcript of that hearing, with Plaintiff's

---

[7] Additionally, to the extent Plaintiff's age discrimination claim is brought under Title VII, the Court finds that it fails for

cost borne by the Government, in order for Mr. Thomas to have a copy of it to use in crafting his Second Amended Complaint. (Docket No. 31). That Plaintiff was again unable to produce a complaint able to withstand the requirements of Rule 12(b)(6), despite the efforts of the Court,[8] indicates that leave for yet another amendment would be entirely futile in this case. Further, the Court warned Plaintiff that his Second Amended Complaint would be his last. (Docket No. 37 at 40:16–18). Based on these circumstances, the Court finds that giving Plaintiff yet another "bite at the apple" would be both inequitable and futile. Accordingly, no leave to amend shall be granted.

      b. *Failure to Prosecute*

Although the Court concludes that Plaintiff's Second Amended Complaint should be dismissed on the merits, it also finds it appropriate to analyze dismissal for failure to prosecute, pursuant to FED.R.CIV.P. 41. The Third Circuit has established a six factor balancing test to determine whether dismissal is proper under Rule 41. *Poulis*, 747 F.2d at 868. The Court now evaluates each of the relevant factors

      i. <u>Party's Personal Responsibility</u>

Plaintiff is proceeding in this action *pro se*. Therefore, he is personally responsible for prosecuting his case and for adhering to this Court's Orders. *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) ("a pro se plaintiff is personally responsible for complying with the court's orders."). By failing to timely respond to each of the Defendants' Motions to Dismiss, Plaintiff has

---

the same reasons as his racial discrimination and ADEA claims.
[8] The Court notes that it specifically advised Plaintiff to spell out, in his Second Amended Complaint:
> exactly what he did; to whom he applied; to whom he spoke; for what job(s) he applied; with whom he interacted at the hospital; their race; any other individuals' involvement; a general timeline of his life (*e.g.*, education, training, work history, criminal history, etc.); who was hired instead of Plaintiff, if that information is known; and any other specifically relevant factual information supporting his claim of discrimination.

11

repeatedly violated the Court's Order on Motions Practice. (Docket No. 11). Further, while Plaintiff has timely responded to each of the Court's Show Cause Orders, none of his responses displayed what this Court considers any reasonable explanation for failing to respond in a timely manner in the first place. (Docket Nos. 17, 25, 39). Accordingly, this factor weighs in favor of dismissal.

### ii. <u>Prejudice to the Adversary</u>

There is some evidence in this case of prejudice to Defendants. They have been forced to defend this action, filing three Motions to Dismiss and Briefs in Support of each. Further, their Counsel was required to attend the hearing on the second Motion to Dismiss in person, despite the Court granting Plaintiff leave to attend via telephone due to financial hardship. (Docket Nos. 9–10, 22–23, 28, 35–36). However, as Defendants have not had to engage in costly discovery or other litigation activities as a result of Plaintiff's failure to prosecute his case, the Court finds that this factor weighs only nominally in favor of dismissal.

### iii. <u>History of Dilatoriness</u>

There has been a clear pattern of dilatoriness by Plaintiff in this case. Plaintiff has not responded in a timely manner to any of Defendants' three Motions to Dismiss, despite the Court's repeated warnings that "[f]ailre to comply with this Court's Orders, Policies, and Procedures can result in dismissal for failure to prosecute." (*See, e.g.*, Docket No. 20). After missing each filing deadline, the Court entered an Order to Show Cause, directing Plaintiff to show good cause as to why his case should not be dismissed for failing to respond to Defendants' Motions. (Docket Nos. 16, 24, 38). As noted, while Plaintiff timely responded to each Show Cause Order, his responses are completely devoid of any reasonable explanation for failing to respond to the Motions in a timely

---

(Docket No. 29 at 2).

manner. (Docket Nos. 17, 25, 39).

In *Poulis*, the Third Circuit held that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable." *Poulis*, 747 F.2d at 868. Plaintiff's repeated failure to meet deadlines established by the Federal Rules of Civil Procedure and by this Court clearly demonstrates a history of dilatoriness. Thus, this factor weighs in favor of dismissal.

iv. Willfulness/Bad Faith

Plaintiff has not provided any explanation for his failure to timely respond to Defendants' Motions to Dismiss. Thus, there is little evidence of record showing willful conduct or bad faith in this case that would warrant dismissal. *See Briscoe*, 538 F.3d at 262 ("willfulness involves intentional or self-serving behavior"). However, there is also no evidence that the missed deadlines were the product of "excusable neglect," mere inadvertence, or some other satisfactory reason. *Poulis*, 747 F.2d at 869. Plaintiff was repeatedly given the opportunity to provide the Court with explanations, but his responses to the myriad Show Cause Orders generally complain of the historic treatment of African-Americans in this country; they provide no explanation of why Mr. Thomas was unable to comply with the Court's Order on Motions Practice in this case. (Docket Nos. 17, 25, 39). Because there is no record of Plaintiff's reasons for his untimely responses, and the Court cannot evaluate same, this factor remains neutral in the Court's analysis.

v. Effectiveness of Sanctions Other than Dismissal

There are no alternative sanctions available to the Court that would appropriately remedy Plaintiff's failure to comply with the Court's Orders. Plaintiff has been advised on three occasions to

show cause as to why his case should not be dismissed. (Docket Nos. 16, 24, 38). Again, in this Court's estimation, his responses were inadequate. (Docket Nos. 17, 25, 39). Further, the Court has repeatedly reminded Plaintiff that "[f]ailure to comply with this Court's Orders, Policies, and Procedures can result in dismissal for failure to prosecute." (*See, e.g.*, Docket No. 20). Accordingly, dismissal would be an appropriate sanction.

vi. Meritoriousness of Claim

The final consideration under the *Poulis* analysis is the meritoriousness of the case. *See Poulis*, 747 F.2d at 869–70. As noted above, Defendants' Motion to Dismiss is persuasive, and dismissal under Rule 12(b)(6) and, alternatively, under 28 U.S.C. § 1915(e)(2)(B) is appropriate. The Court agrees that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6), *Twombly*, 550 U.S. 544, *Iqbal*, 556 U.S. 662, Third Circuit precedent interpreting same, and 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, in the Court's estimation, even if Plaintiff's Second Amended Complaint had adequately stated a claim upon which relief may be granted, it is utterly unlikely that Plaintiff, in discovery, would be able to conjure evidence rebutting the Trust's purported legitimate, nondiscriminatory reason for not hiring him (*i.e.*, that Plaintiff's spotty work history and termination from McDonald's for "misconduct" alone were the reasons Plaintiff was not hired).

vii. Rule 41 Conclusion

Based on the foregoing analysis of the *Poulis* factors, it is the conclusion of this Court that this case will be dismissed, with prejudice, for failure to prosecute. "Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders." *Knoll v. City of Allentown*,

707 F.3d 406, 409 (3d Cir. 2013). Such authority is consistent with Rule 1 of the Federal Rules of Civil Procedure, which counsels this Court to administer its cases in order "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED.R.CIV.P. 1. For the reasons set forth above, Plaintiff's behavior in this litigation has stymied the advancement of this litigation, increased costs to all parties involved, and drained scarce judicial resources, all of which strongly supports this Court's dismissal of this case, with prejudice.

V. CONCLUSION

In light of the foregoing, the Court finds it appropriate to GRANT Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, with prejudice. The Court also finds that granting Plaintiff an opportunity to amend his complaint, yet again, would be both inequitable and futile. An appropriate Order follows.

.

Dated: February 23, 2015

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

    Willie B. Thomas
    272 Mapleway #2
    Sharon, PA 16146
    (Regular & Certified Mail)

15